UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

----------------

UNITED STATES OF AMERICA,

        Plaintiff,        No.    1:03-CR-291

v.

TOBY T. STUDABAKER,        Hon.   RICHARD ALAN ENSLEN
                                                              United States District Judge

        Defendant.

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Toby T. Studabaker and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty.</u>    The Defendant agrees to plead guilty to the following charges:

    a.    Count One of the Indictment filed in the Western District of Michigan (1:03-CR-291). Count One charges the Defendant with causing the foreign travel of a minor with the intent to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a).

    b.    Count Two of the Indictment filed in the Eastern District of North Carolina (7:04:CR-731F-3). Count Two charges the Defendant with possessing and attempting to possess child pornography, in violation of Title 18, United States

Code, Section 2252A(a)(5)(B). The Defendant agrees to transfer the case to the Western District of Michigan pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

2. <u>The Defendant Understands the Penalties.</u>   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2423(a) is the following:

   a. Maximum term of imprisonment: 30 years
   b. Minimum term of imprisonment: 5 years
   c. Maximum term of supervised release: any term of years up to life
   d. Maximum fine: $250,000.00
   e. $100.00 Special Assessment
   f. Restitution may be ordered

   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B) is the following:

   a. Maximum term of imprisonment: 10 years
   b. Maximum term of supervised release: any term of years up to life
   c. Maximum fine: $250,000.00
   d. $100.00 Special Assessment

   The Defendant agrees to pay the special assessments at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

3. <u>Medical Tests.</u>   The Defendant agrees to be tested for the etiologic agent for acquired immune deficiency syndrome. The Defendant further agrees that if the initial test for the etiological agent for immune deficiency syndrome is negative, he will be re-tested six (6) months and again twelve (12) months following the initial test. Title 42 U.S.C. § 14011.

4. <u>The Sentencing Guidelines</u>.   The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant.  The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement.  The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

5. <u>Waiver of Appeal and Collateral Attack</u>.  The Defendant understands that the law affords him the right to appeal the sentence imposed.  Acknowledging this, the Defendant knowingly waives the right to appeal a sentence that is within or below the applicable guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range.  The Defendant also waives the right to challenge such a sentence and the manner in which it was determined

in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255. This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

6. The United States Attorney's Office agrees:

   e. The U.S. Attorney's Office for the Western District of Michigan agrees to move to dismiss the remaining counts of both Indictments at the time of sentencing.

   f. The U.S. Attorney's Office for the Western District of Michigan agrees not to oppose the Defendant's request for a reduction of his offense level for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines, provided the Defendant continues to satisfy the criteria for such a reduction. Should the Court grant a two-level reduction as provided herein, the Government certifies that the plea was provided sufficiently in advance of trial to allow the Government to forego the expense of trial preparation and hereby moves the Court to grant an additional one-level reduction in the base offense level.

7. The Court is not a Party to this Agreement. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or

promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

8. <u>This Agreement is Limited to the Parties.</u>   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and the U.S. Attorney's Office for the Eastern District of North Carolina, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by the Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

9. <u>Consequences of Breach.</u>   If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

10. <u>This is the Complete Agreement.</u>   This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding

*United States v. Toby T. Studabaker*
*1:03-CR-291*
*Plea Agreement*

between the parties. No other promises have been made, nor may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

CHARLES R. GROSS
United States Attorney

11/19/07
Date

DANIEL Y. MEKARU
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Nov 14, 2007
Date

TOBY T. STUDABAKER
Defendant

I am Mr. Studabaker's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date

PAUL J. DENENFELD
Attorney for Defendant