UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                No.     1:03-CR-291
                                                                            1:07-CR-267

vs.

                                                                    Hon.    RICHARD ALAN ENSLEN
TOBY T. STUDABAKER,                           U.S. District Court Judge

        Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

        The United States of America by Charles R. Gross, United States Attorney for the Western District of Michigan, and Daniel Y. Mekaru, Assistant United States Attorney, states the following:

        On November 20, 2007, the Defendant pled guilty to Count One of the Western District of Michigan Indictment (Case No. 1:03-CR-291), transporting a child in foreign commerce with the intent to sexually exploit the child, in violation of 18 U.S.C. § 2423(c) and Count Two of the Eastern District of North Carolina Indictment (Case No. 1:07-CR-267), possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

        As ordered by the Court, the Probation Office prepared a Presentence Investigation Report. The Presentence Investigator calculated the Guidelines for Count One (1:03-CR-291) and, pursuant to USSG § 2A3.2, determined an adjusted offense level 28. (Presentence Investigation Report (PSR) ¶72 - ¶76). The Guidelines for Count Two (1:07-CR-267), pursuant

to USSG § 2G2.4, was an adjusted offense level 28. (PSR ¶77 - ¶85). The offenses did not group and the unit analysis added 2 levels (PSR ¶86 - ¶90).

The Presentence Investigator awarded a reduction for acceptance of responsibility. (PSR ¶57-66 and ¶92-94). The total offense level was 28. (PSR ¶96). The Defendant had no criminal history points, which placed him in a Criminal History Category I. (PSR ¶100). The guideline range was 70 to 87 months. (PSR ¶132).

The Government objects that Defendant should also receive a five-level enhancement for being a repeat and dangerous offender by engaging in a pattern of sexual abuse of children as provided in §4B1.5(b). In the alternative, the Government asks this Court to consider whether an upward departure or variance is warranted in this case.

## **Repeat and Dangerous Offender**

Section 4B1.5(b) provides the following:

> (b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
>
> > (1) The offense level shall be **5** plus the offense level determined under Chapters Two and Three. However, if the resulting offense level is less than level **22**, the offense level shall be level **22**, decreased by the number of levels corresponding to any applicable adjustment from §3E1.1.
> >
> > (2) The criminal history category shall be the criminal history category determined under Chapter Four, Part A.
>
> * * *
>
> Commentary

Application Notes:

> 2. Covered Sex Crime as Instant Offense of Conviction.—For purposes of this guideline, the instant offense of conviction must be a covered sex crime, i.e.: (A) an offense, perpetrated against a minor, under . . . (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement

      about an alien individual; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iii) of this note.

\* \* \*

4. <u>Application of Subsection (b)</u>.—

    (A) <u>Definition</u>.—For purposes of subsection (b), "prohibited sexual conduct" means any of the following: (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography.  It does not include receipt or possession of child pornography. "Child pornography" has the meaning given that term in 18 U.S.C. § 2256(8).

    (B) <u>Determination of Pattern of Activity</u>.—

        (i) <u>In General</u>.—For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.

        (ii) <u>Occasion of Prohibited Sexual Conduct</u>.—An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.

USSG §4B1.5 and comment. n.2 and 4.

The charge of transporting a child with the intent to commit a sex crime, a violation of § 2423(a), is in Chapter 117 and is a "covered sex crime."  Defendant engaged in "prohibited sexual conduct" by sexually assaulting two children, S.P. and Defendant's niece (as summarized in ¶101).  The "pattern of activity" is established by the two assaults on the children.

      Attached to this memorandum are the reports from the 1998 incident in St. Joseph County.  The thirteen-year-old victim alleged that Defendant grabbed her breasts. (See attached Exhibit #7).  The Government has attempted to locate the victim, but has not been able to locate her.  The videotape interview of the victim has long since been destroyed.  We have no more

information to support the allegation than what is attached. Nonetheless, the Government asserts that there is sufficient reliable evidence to support the enhancement.

The fact that the conduct occurred in 1998, approximately five years prior to the instant offense, does not preclude its consideration. The guideline commentary expressly states that the other conduct need not occur during the course of the instant offense. The commentary language for §4B1.5(b) is identical to the language used in the commentary for §2G2.2(b)(4). The Sixth Circuit has affirmed the enhancement even when the prior act was quite temporally remote. United States v. Gawthrop, 310 F.3d 405, 413-14 (6th Cir. 2002) (eleven years earlier); United States v. Woodward, 277 F.3d 87, 89-91 (1st Cir. 2002) (twenty to twenty-three years earlier); United States v. Lovaas, 241 F.3d 900, 901 (7th Cir. 2001) (twenty-six years earlier). United States v. Garner, 490 F.3d 739 (9th Cir. 2007)(thirty-five years earlier).

The Government respectfully objects to the presentence report and submits that the Defendant is a repeat and dangerous offender. We ask this Court to impose a five-level enhancement.

## MOTION FOR UPWARD DEPARTURE OR VARIANCE

Should this Court determine that §4B1.5 is not applicable to this case, the Government asks this Court to consider whether an upward departure or upward variance is appropriate.

**Criminal History and Extremely High Risk of Recidivism**

Section 4A1.3 permits upward departures when the applicable criminal history category does not adequately reflect the seriousness of a defendant's criminal past or the real danger of recidivist behavior.

Section 4A1.3 states:

If reliable information indicates that the criminal history category does not

adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. . . .

The Commentary to USSG §4A1.3, Adequacy of Criminal History Category (Policy Statement) states in part:

This policy statement recognizes that the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur. . . . This policy statement authorizes the consideration of a departure from the guidelines in the limited circumstances where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism, and provides guidance for the consideration of such departures.

It is appropriate to look at a defendant's past to determine whether his criminal history category adequately accounts for the true nature of the defendant, and look forward to determine whether there are strong indications of a recidivist. "An upward departure from the guidelines is appropriate when the criminal history category does not adequately reflect the seriousness of a defendant's criminal history, or if the defendant's recidivism demonstrates that he does not take the seriousness of his criminal conduct seriously." United States v. Fountain, 2 F.3d 656 (6th Cir. 1993).  An unusually high likelihood of recidivism was an appropriate basis for an upward departure in United States v. Bennett, 975 F.2d 305 (6th Cir. 1992).  The Government submits that analyzing the appropriateness of a departure remains prudent post-Booker.  The guideline computations and the approved grounds for departures provide this Court with some measure of reasonableness.

**Upward Variance**

Defendant poses a significant risk to children.  Defendant initiated contact with the victim, S.P., through a website called "Neopets."  (PSR ¶20 and Exhibit #4).  Defendant also initiated contact with a ten-year-old girl from Australia through Neopets.  (PSR¶48 and see

attached Exhibit #6). Neopets is similar in concept to Webkinz, TY Beanie Babies and Disney's Club Penguin, where users or subscribers adopt an on-line or virtual pet or take on an on-line persona (or avatar) that they care for and maintain. (See Exhibit #4). The websites typically offer interactive games and have the option of interacting with other users and chatting or e-mailing. According to Neopets own on-line press kit they characterize their demographics of their members as 39% being 12 and younger, 40% are 13-17 years old, and 20% are 18 and older. (See Exhibit #5). Fully 79% of their members are minors. This was the website that Defendant frequented as a thirty-year-old male. The Australian child stated, "Nearly every time I would go online Toby would come online and start to chat to me." Defendant used the website to initiate contact with children and then groomed the children. Defendant's efforts culminated in the sexual assault of S.P. It is disingenuous for Defendant to deny that he is or has ever been attracted to minors other than S.P. (PSR ¶66).

Much of the sentencing will be necessarily focused on the nature and characteristics of the Defendant. However, due consideration must be given to the victim and her family. S.P.'s parents have provided a written statement. (See Exhibit #1). Defendant crushed this family and their lives were forevermore changed. The family, once private and anonymous, were thrust into a media firestorm. (See Exhibit #2). Defendant took the innocence and soul of a child and turned her an object for his sexual desires. Consider the disparity in the tone of their chat sessions. Her text involves romantic kissing, while Defendant expresses his urge to digitally penetrate her. (See PSR ¶30).

Defendant claims that he only attempted to contact the victim once while he was in Germany. He said that he attempted to mail a birthday card. (PSR ¶63). However, that is not

true. He also attempted to send the victim a card from prison in England in 2005. (See Exhibit #3). In that card, Defendant expresses his feelings for the victim, who was fourteen years old in 2005. However intended, the Defendant was continuing to attempt to victimize the child.

Defendant Toby Studabaker remains a dangerous individual. The nature of the offense and the nature and character of the offender warrant an upward variance.

## SENTENCING RECOMMENDATIONS

In addition to a term of incarceration, the Government asks this Court to consider imposing some additional terms and conditions. Defendant has demonstrated that he is a danger to children and should be monitored on supervised release for the rest of his life with strict conditions. Defendant should be prohibited from having any unsupervised contact with children. Defendant should be required to attend sex offender/mental health treatment and counseling as directed. He should be banned from using a computer unless approved by his probation officer. If approved for using a computer, that use should be subject to any review by the probation office. He should not have any passwords, encryption, or any software to destroy or conceal his computer activity. Defendant should be banned from possessing any pornography, child pornography, child "erotica," or other items that the probation office, in consultation with a sex offender therapist, deems to be a "trigger" for inappropriate conduct. He should be banned from accessing websites that are frequented by children. Accordingly, the probation officer should be given broad search authority. Defendant should be required to register as a sex offender. Federal law requires that he register in the jurisdiction where he was convicted, he resides, attends school, and is employed  The Government asks that any future employment be subject to approval by the probation office.

WHEREFORE, the Government respectfully asks this Court to sustain our objection and enhance Defendant's sentence for being a repeat and dangerous offender.  In the alternative, we ask this Court to consider whether an upward departure or variance is appropriate.  Further, the Government asks this Court to impose terms and conditions while on lifetime supervised release to substantially reduce the risk of Defendant re-offending against children.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CHARLES R. GROSS<br>United States Attorney |
| Dated: March 21, 2008 | /s/ Daniel Y. Mekaru<br>DANIEL Y. MEKARU<br>Assistant United States Attorney |