UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,         Case No. 1:03-cr-291-01
                  Case No. 1:07-CR-267-01
v.
                  Hon. Richard Alan Enslen
TOBY T. STUDABAKER,       United States District Judge

    Defendant.
_____/

## **DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The defendant Toby Studabaker will appear before this Honorable Court for sentencing on Monday, April 21, 2008, at 2:30 p.m. Mr. Studabaker submits this supplemental sentencing memorandum to address various issues that have been raised regarding sentencing.

## I. THE COURT SHOULD REJECT THE GOVERNMENT'S OBJECTION AND REQUESTS FOR AN UPWARD DEPARTURE OR VARIANCE

A. <u>The Five-Level Objection is Unsupportable</u>

The Government objects that a five-level increase was not assessed under U.S.S.G. §4B1.5(b). The Government's theory is that Mr. Studabaker "engaged in a pattern of activity involving prohibited sexual conduct." See Application Note 4(B). The Government argues that the pattern was established by the instant offense and a 1998 charge that was dismissed by the state prosecutor for insufficient evidence.

That charge, set forth at PSR, ¶ 101, was based solely on a 13-year-old's statement that Mr. Studabaker "grabbed her breasts at least twice and had run his hand

along her outer thigh at least twice."[1]  The prosecutor determined there was insufficient evidence to even proceed with the prosecution and the case was dismissed.  The Government provides no additional or updated information to the single 10-year-old police report.

The Sentencing Commission could not have intended that a defendant be determined to be a "repeat and dangerous sex offender against minors" based on a dearth of evidence.  The burden for the increase rests with the Government and it has failed to produce any actual evidence of Mr. Studabaker engaging in sexual misconduct in 1998.

B.  Mr. Studabaker's Criminal History is Not Overstated

The Government asks the Courto to upwardly depart pursuant to U.S.S.G. §4B1.3, arguing that Mr. Studabaker's criminal history understates the likelihood that Mr. Studabaker will commit future crimes.[2]  Yet the Government provides no evidence to support this.

Mr. Studabaker had *no prior convictions* to the UK and instant convictions. There is no evidence that Mr. Studabaker ever engaged in previous criminal activity.  On its face the Government's request is unsupportable.  In the "Background" section of the Application Notes, the Commission states that this Guideline should be considered "in the limited circumstances where *reliable information* indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism" (emphasis added).  Here, the Government has not presented *any* information, let alone reliable information, to support its request.

---

[1] The defense has not seen the police report of that incident.
[2] The Government provides no specificity in its request, and simply sets forth the parameters of the Guideline.  The defense will presume that the argument is based on a concern over recidivism.

2

C. <u>There is No Basis for an Upward Variance in this Case</u>

The Government also seeks an upward variance on essentially the same grounds that it seeks an upward departure, i.e., that Mr. Studabaker poses a significant risk to children. There is little concrete evidence that supports that fear.

With respect to the letter Mr. Studabaker tried to send to Shevaun Pennington, it is important to note that the letter was written more than three years ago, January 2, 2005. *Mr. Studabaker completed a sex offender treatment program in the UK prison subsequent to writing the letter.* PSR, ¶ 64. Moreover, the letter appears to be Mr. Studabaker's clumsy attempt at apologizing to Ms. Pennington by assuring her that their relationship was based on love, not sex.

The Australian matter deserves additional response. The Government attached a statement from a 10-year-old daughter but failed to attach a statement from her mother (attached). The mother stated, *inter alia*: 1) When Mr. Studabaker first went onto the Neopets website he specifically asked for "mature players;" 2) Mr. Studabaker developed a friendship with both mother and daughter; 3) Mr. Studabaker fully disclosed that he was a US Marine stationed at Camp Lejuene in North Carolina; 4) Mr. Studabaker and the mother discussed adult subjects such as family life and the death of Mr. Studabaker's wife and his resulting depression. Two paragraphs of the statement - - prepared by law enforcement after contact ended and the instant offenses occurred - - suggest the mother was uncomfortable with aspects of Mr. Studabaker's behavior, though despite that her family sent Mr. Studabaker a Christmas card.

The Government has simply failed to present persuasive evidence that Mr. Studabaker poses a unique risk to public safety when he is released from custody. He has

3

already completed a sex offender treatment program in the UK, will likely go through an additional program while in federal prison, and has no history of sexual abuse or molestation prior to the instant offense.

The Government's positions on these matters appear to be based on the premise that sex offenders like Mr. Studabaker inherently pose more risk of recidivism than other offenders. That is not supported by the data. The Center for Sex Offense Management, a project of the Office of Justice Programs, U.S Department of Justice, published a document entitled "Myths and Facts About Sex Offenders" (August 2000) (attached).

One of the Myths is that "[m]ost sex offenders reoffend." Yet the Fact is that "[r]econviction data suggest that this is not the case." In fact, "recidivism rates for sex offenders are lower than for the general criminal population." Id. at 2-3. Another Myth is that "[t]reatment for sex offenders is ineffective." The Fact is that "[t]reatment programs can contribute to community safety because those who attend and cooperate with program conditions are less likely to re-offend than those who reject intervention." Id. at 7.

Mr. Studabaker is likely less likely to reoffend than the general criminal population. Additionally, he completed a sex offender treatment program in the UK prison system, which further reduces the likelihood that he will recidivate. The Government presents no data to support its view that Mr. Studabaker poses a present danger to sexually abuse other young people.

Finally, Mr. Studabaker has consistently stated that his involvement with the child pornography was limited; he did not personally download the pornography but was aware of the existence of the images on his computer. PSR, ¶ 66.

## II.  MR. STUDABAKER SHOULD BE CREDITED FOR THE TIME HE SERVED IN A U.K. PRISON

A.  U.S.S.G. §5G1.3

U.S.S.G. §5G1.3 does not address the unusual circumstances of this case. Subsection (a) is inapplicable since Mr. Studabaker did not commit the instant offense while serving a term of imprisonment. Subsection (b) does apply to Count One in this case insofar as the UK crimes to which Mr. Studabaker pled guilty - - child abduction and incitement to gross indecency - - are relevant conduct to this case, and the UK criminal activity was the basis for an increase in the offense level in this case. Unfortunately, the child pornography count in the instant case cannot be fairly characterized as related to the UK crimes.  Subsection (c) is also inapplicable because there is no *undischarged* prison sentence in addition to the one to be imposed by this Court; the UK sentence that Mr. Studabaker served is completed.

B.  Downward Variance

The Court may grant a downward variance to account for the four years Mr. Studabaker served in a UK prison. United States v. Booker, 543 U.S. 220, 245-46; 125 S. Ct. 738, 757 (2005).  This is a case where the Court should do so.

After determining the Guideline range, the Court should consider the factors contained in 18 U.S.C. § 3553(a) to determine a sentence that is "*sufficient, but not greater than necessary*" (emphasis added).  Section 3553(a) requires the district court to consider several different factors, which the defense set forth in its original sentencing memorandum.  The district judge can no longer simply rely upon the advisory guidelines, but "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 602 (2007).

5

The basis for this variance request is straightforward:  Mr. Studabaker spent four years in a British prison for the 2003 crime in this case.[3]  In determining a sentence that is "sufficient, but not greater than necessary," the four years already served by Mr. Studabaker should be taken into account by this Honorable Court.

Count One in this case involves precisely the same conduct for which Mr. Studabaker was imprisoned in the UK.  With respect to the child pornography count, Mr. Studabaker's involvement was limited; he did not do the downloading of the images.  While he was able to provide a sufficient factual basis for the guilty plea - - he acknowledged knowing the images were on the computer - - this Count was consolidated under Fed.R.Cri.Pro.20 in order to dispose of the federal North Carolina charges.

Conclusion

For all of these reasons the defendant, Toby Studabaker, respectfully requests that this Honorable Court reject the Government's objection and requests for both an upward departure and variance, and grant the defense request for a variance below the applicable Guideline in fashioning a sentence.

Respectfully submitted,

Yates, LaGrand & Denenfeld PLLC

/s/ Paul J. Denenfeld

Attorney for Defendant Studabaker
161 Ottawa Ave., NW Suite 404
Grand Rapids, MI  49503
Dated:  April 14, 2008                (616) 356-1770

---

[3] About one of those years was spent while his British attorneys fought his extradition on the basis that the European Convention of Human Rights forbids punishing a person twice for the same crime, which would occur if he was extradited to the United States.  It was, nevertheless, prison, and resulted directly from the identical facts for which he is being sentenced in the 2003 case before the Court.