UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,            No.    1:03-CR-291
                                                  1:07-CR-267

vs.

                                       Hon.    PAUL L. MALONEY

TOBY T. STUDABAKER,                         U.S. District Court Judge

                    Defendant.

_____/

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America by Charles R. Gross, United States Attorney for the

Western District of Michigan, and Daniel Y. Mekaru, Assistant United States Attorney, states the

following:

This matter was scheduled for sentencing on March 28, 2008.  On or about March 27,

2008, this matter was reassigned to the Honorable Paul L. Maloney, U.S. District Court Judge,

and the Court issued a notice of intent to depart or vary upward from the recommended guideline

range.

The Court convened for the sentencing as scheduled, on March 28, 2008.  For multiple

reasons discussed on the record, the Court agreed to continue the sentencing and asked the

parties to provide briefs on two issues.   First, the Court asked the parties to brief the impact of

§5G1.3 and what consideration should be given to the prior discharged sentence imposed in

England.  Second, the Court asked the parties to address the Court's notice of intent to depart or vary upward.

### Section 5G1.3

The offense conduct in this case occurred in July 2003.  The sentencing guidelines were amended on April 30, 2003, pursuant to the Protect Act.  Those amendments included changes to §2G2.4 and had an impact on Defendant's recommended guideline computation.  On November 1, 2003, the guidelines were again amended.  Those amendments included significant changes to §5G1.3.  Under the one-book rule, Defendant's guideline sentence should be determined using the guidelines in effect as of July 2003.  For purposes of §5G1.3, the appropriate guideline language can be found in the November 1, 2002 edition.

Section 5G1.3 provides in relevant part, the following:

(b)    If subsection (a) does not apply, and the undisclosed term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c)    (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Commentary

7.    Downward Departure Provision. – In the case of a discharged term of imprisonment, a downward departure is not prohibited if subsection (b) would have applied to that term of imprisonment had the term been undischarged.  Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.[1]

---

[1]As noted above, §5G1.3 was amended in November 2003.  See Amendment 660.  The amendment provided for a new downward departure provision in §5K2.23.  That change deleted Application Note 7 and replaced it with new Application Note 4.

USSG §5G1.3 and Comment. n.7 (November 1, 2002).

Section 5G1.3(b) and Application Note 7 only impact the case charged in the Western District of Michigan.  It is clear that there is an overlap in the conduct and charges filed in England and in the Western District of Michigan.  Had Defendant returned to the United States prior to completing his term of incarceration in England, he would be eligible for a concurrent sentence, and thereby receive some credit for time served in England pursuant to §5G1.3(b).  As that term of incarceration has been fully discharged he may be eligible for a departure as provided in Note 7.  The Guidelines, in Application Note 2, provide an example of how this Court may want to fashion its sentence as it relates to the charge in the Western District of Michigan.

However, the sentence for the charge in the Eastern District of North Carolina (EDNC) is not affected by §5G1.3(b) and Application Note 7.  The offense conduct in the EDNC case is entirely distinct from the prosecution in England.  The sentence in the EDNC can be imposed without concern for §5G1.3 and the application notes, and no downward departure or variance is appropriate.  If, in arguendo, Defendant had been returned to the United States prior to completing his sentence in England (for example, through the prisoner exchange program), his sentence would implicate subsection (c) of §5G1.3 and the Court would have to consider whether to impose a sentence that was concurrent, partially concurrent, or consecutive.

At this juncture, in the context of the child pornography charge, the prior discharged term of incarceration is just prior criminal history.  In fact, Defendant garnered an unintended benefit by not having the prior conviction in England included in his criminal history points for the child pornography case.  Had the conviction in England been scored, he would have three criminal history points and he would be in Criminal History Category II.

**Upward Departure or Variance**

In the Government's initial sentencing memorandum, the Government also moved for an upward departure or, in the alternative, an upward variance.  The Government provided the Court with information and legal citations to support an upward departure, but failed to provide recent cases that address variances pursuant to Title 18 United States Code Section 3553.

In United States v. Vowell, 516 F.3d 503 (6th Cir. 2008), the Sixth Circuit issued an opinion that is directly on point and outlines for the Court the procedural requirements for a departure or variance and the steps that a sentencing court should take in making an appropriate record to support the sentencing decision.

Co-defendants Walter Franklin Vowell ("Vowell") and Katherine Sue Pratt ("Pratt") pled guilty to producing and possessing images of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251(a) and § 2252(a)(4)(B).  Vowell and Pratt were repeatedly sexually assaulting Pratt's eight-year-old daughter and videotaping the assaults.  Id. at 507.  Vowell was sentenced first.  The properly calculated offense level was 32 and the recommended guideline range was 188 to 235 months' incarceration for the two counts.  Vowell had a prior conviction for statutory rape and his statutory mandatory minimum was 300 months. The district court sentenced Vowell to 540 months on count one and 240 months on count two, to run consecutively, for a total of 65 years in federal prison, followed by a lifetime of supervised release.  Id. at 507-08.

Pratt was sentenced several months later.  The district court properly calculated Pratt's base offense level at 33 for count one and 29 for count two.  Adjusting the offense level for multiple counts, the district court found that her recommended guideline range was 168 to 210 months, but noted § 2251(a) carried a mandatory minimum sentence of 15 years' incarceration.

-4-

The district court sentenced Pratt to 240 months on count one and 120 months on count two, to be served concurrently, followed by a lifetime of supervised release.  Id. at 507-08.

The Vowell Panel then reviewed the district court's procedures for sentencing using the analysis outlined by the Supreme Court in Gall v. United States, --- U.S. ----, 128 S.Ct. 586 (2007).  The Supreme Court stated,

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Gall, 128 S.Ct. at 597.  In addition to calculating the guidelines and considering the § 3553 factors, the Sixth Circuit requires this Court to explain "its reasoning to a sufficient degree to allow for meaningful appellate review."  United States v. Trejo-Martinez, 481 F.3d 409, 412-13 (6th Cir. 2007); see also United States v. Lonnie Davis, 458 F.3d 505, 510 (6th Cir. 2006) ("The district court's thorough consideration of the § 3553(a) factors certainly allows for intelligent appellate review.").  The Sixth Circuit requires this Court to "set forth enough facts to satisfy this court that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority." Vowell at 510, citing  Rita v. United States, 551 U.S. ----, 127 S.Ct. 2456, 2468 (2007).

The Vowell panel reiterated the holding in United States v. Webb, 403 F.3d 373, 383 (6th Cir. 2005), that in reviewing a sentence for substantive reasonableness, the Sixth Circuit will consider more than simply the length of the sentence and will review the factors evaluated by this Court in determining a sentence.  A sentence may be substantively unreasonable if the district

court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor."  Vowell at 510 (citations omitted).  The Sixth Circuit does not require a mechanical recitation of the § 3553(a) factors, but "an explanation of why the district court chose the sentence that it did."  Id., quoting United States v. Conrad Smith, 474 F.3d 888, 894 (6th Cir. 2007).

Of particular importance to this Court is the Vowell panel's declaration, "Our analysis is the same regardless of whether the sentence enhancement constitutes a Guidelines departure or a § 3553(a) variance."  Vowell at 510.  "The standards for determining whether an upward departure to another offense level is appropriate are similar to those standards we use to judge the procedural and substantive reasonableness of a variance from any [G]uidelines range."  Id., quoting Conrad Smith, 474 F.3d at 894.  Although the Guidelines are no longer mandatory, the district court must still consider them and impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2).  Id.

The Sixth Circuit "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.  The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Id. at 511.

Before Gall, the Sixth Circuit started with the premise that "the farther the judge's sentence departs from the guidelines sentence ... the more compelling the justification based on the factors in section 3553(a) must be."  Vowell at 512, quoting United States v. William Davis, 458 F.3d 491, 496 (6th Cir. 2006).  Post-Gall, however, when "the district's [sic] court

sentencing decision is procedurally sound," the Sixth Circuit will review the substantive reasonableness of the sentence under an abuse of discretion standard, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Vowell at 512, quoting Gall, 128 S.Ct. at 597. The Sixth Circuit did note that the Supreme Court found it "uncontroversial that a major departure should be supported by a more significant justification than a minor one." Gall at 597.

In the instant case, the Government urges this Court to consider an upward departure or upward variance. This particular defendant, through his long pattern of behavior and interest in targeting very young children for grooming and sexual abuse, is an individual who warrants a sentence greater than that suggested by the guideline range. Congress, the Department of Justice, and the Courts have recognized the need for longer sentences in child exploitation cases. In April 2003, Congress passed the Protect Act, which substantially increased the penalties for on-line sexual abuse of children. In July 2006, Congress again acted and substantially increased the penalties and passed the Adam Walsh Act. Likewise, the Sentencing Commission has moved to increase the recommended penalties for child exploitation offenses.

Defendant Studabaker is necessarily afforded all the protections from the ex post facto increase in the statutory mandatory minimums and maximums. Likewise, his recommended guideline range must be computed using the prior sentencing guidelines. But that is not to say that this Court should be blind to the increased understanding of the risks and scope of damage caused by offenders like Toby T. Studabaker. Child pornography is not merely pictures. Each image represents a real child – a child raped, degraded, debased, humiliated and then turned into a commodity to be collected and traded. On-line coercion or enticement is not just fantasy. It is

not merely a cyber-world of avatars.  Offenders, like Toby Studabaker, are using the Internet to cast a wide net in search of a vulnerable child to exploit.  Defendant's net spanned from Australia to Newaygo County, Michigan, to Manchester, England.  In each instance, Defendant was able to establish a "relationship" with a child – a 10-year-old in Australia, two 11-year-old girls in Michigan, and an 11-year-old in England.  He then parlayed that on-line relationship into raping a child.  Whether he took her by force or by deception of the heart, the result was the same.

WHEREFORE, the Government respectfully asks this Court to consider an upward departure or variance.

Respectfully submitted,

CHARLES R. GROSS
United States Attorney

Dated: April 15, 2008

/s/ Daniel Y. Mekaru
DANIEL Y. MEKARU
Assistant United States Attorney
PO Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

-8-