AO 245B (Rev. 06/05)- Judgment in a Criminal Case

# United States District Court
## Western District of Michigan

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| -vs- | Case Number: 1:03-cr-291-01 |
|  | 1:07-cr-267-01 |
| TOBY T. STUDABAKER | USM Number: 22444-424 |
|  | Paul J. Denenfeld |
|  | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Count One of the Indictment in 1:03-cr-291 and Count Two of the Indictment in 1:07-cr-267

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Offense Ended | Count No. |
|---|---|---|
| 18 U.S.C. § 2423(a) | July 12, 2003 | One in 1:03-cr-291 |
| 18 U.S.C. § 2252A(a)(5)(B) | July 12, 2003 | Two in 1:07-cr-267 |

Nature of Offense

Count One in 1:03-cr-291 - Causing the Travel of a Minor With the Intent to Engage in Sexual Activity

Count Two in 1:07-cr-267 - Possessing and Attempting to Possess Child Pornography

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two, Three, and Four in 1:03-cr-291, and Counts One and Three in 1:07-cr-267 are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: April 21, 2008

DATED: April 29, 2008

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

AO 245B (Rev. 06/05)- Judgment in a Criminal Case

Judgment – Page 2
Defendant: TOBY T. STUDABAKER
Case Numbers: 1:03-cr-291-01 and 1:07-cr-267-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one hundred thirty-six (136) months in docket number 1:03-cr-291 and eighty-seven (87) months in docket number 1:07-cr-267, to be served concurrently**.

☒ The Court makes the following recommendations to the Bureau of Prisons:

That the defendant receive a mental health evaluation and recommended treatment
That the defendant receive an assessment for alcohol and substance abuse, and receive treatment as recommended.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The Defendant shall surrender to the United States Marshal for this district on _____ at _____
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
  ☐ before 2:00 P.M. on _____
  ☐ as notified by the United States Marshal
  ☐ no later than _____
  ☐ no sooner than _____

  ☐ as notified by the Probation or Pretrial Services Office
  ☐ no later than _____
  ☐ no sooner than _____

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 06/05)- Judgment in a Criminal Case

Judgment – Page 3
Defendant: TOBY T. STUDABAKER
Case Numbers: 1:03-cr-291-01 and 1:07-cr-267-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years for docket numbers 1:03-cr-291 and 1:07-cr-267, to be served concurrently**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7. the defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05)- Judgment in a Criminal Case

Judgment – Page 4
Defendant: TOBY T. STUDABAKER
Case Numbers: 1:03-cr-291-01 and 1:07-cr-267-01

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his/her ability as determined by the probation officer.

3. The defendant shall refrain from all use and/or possession of alcoholic beverages.

4. The defendant shall participate in a program of mental health treatment for sex offenders, as directed by the probation officer, until such time as defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his/her ability as determined by the probation officer.

5. The defendant shall refrain from frequenting locations where minors gather.

6. The defendant shall not possess a computer system or access the Internet, including WebTV, without permission of the probation officer.

7. The defendant shall not possess pornographic materials, patronize establishments where such materials are sold, or possess any materials promoting the normalization of criminal behavior.

8. The defendant shall not associate with persons under the age of 18, except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the probation officer.

9. The defendant shall report to the probation officer all visits with relatives or friends who have minor children.

10. The defendant shall not possess or publicly display any materials that may be viewed as lures for minors, as determined by the probation officer.

11. The defendant shall refrain from accepting or seeking civic, religious, or other volunteer positions where he will be in a position of authority or influence over others, including minors and their families.

12. The defendant shall be required to provide a detailed itinerary of vacations and leisure activities, including all persons with whom he interacted or had contact.

13. The defendant shall not possess or be the primary user of any cellular phone without prior permission from the probation officer. If given permission to use/possess a cell phone, the defendant must provide the number to the probation officer and the phone must be maintained in the defendant's name or another name approved in advance by the probation officer.

AO 245B (Rev. 06/05)- Judgment in a Criminal Case

Judgment – Page 5
Defendant: TOBY T. STUDABAKER
Case Numbers: 1:03-cr-291-01 and 1:07-cr-267-01

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth below.

| **Assessment** | **Fine** | **Restitution** |
|---|---|---|
| $200.00 | -0- | -0- |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Total Amount** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ Restitution amount ordered pursuant to plea agreement:     $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the fine.

    ☐ the interest requirement is waived for the restitution.

    ☐ the interest requirement for the fine is modified as follows:

    ☐ the interest requirement for the restitution is modified as follows:

---

[1] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment – Page 6
Defendant: TOBY T. STUDABAKER
Case Numbers: 1:03-cr-291-01 and 1:07-cr-267-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of **$200.00** due immediately, balance due

    ☐ not later than _____, or

    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F, below; or

B ☐ Payment to begin immediately (may be combined with C, D, or F, below.)

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment, or

D ☐ Payment in equal _____ installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30, 60 or 90 days) after release from imprisonment to a term of supervision;

E ☐ Payment during term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at the time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ The defendant shall forfeit those assets previously identified that are subject to forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.